# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN MEYER, )
 )
        Plaintiff, )
 )
v. ) Case No. 12-1134-KHV-KGG
 )
UNUM LIFE INSURANCE COMPANY )
OF AMERICA, )
 )
        Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Now before the Court is Defendant's "Motion to Enforce ECF Administrative Procedures and Protective Order." (Doc. 55.) Having reviewed the submissions of the parties, the Court **DENIES** Defendant's motion.

## FACTS

Plaintiff filed his federal court Complaint seeking benefits under a long-term disability plan governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (*See* Doc. 1.) Plaintiff's claim was denied by Defendant on the basis that a preexisting condition caused his disability.

The Scheduling Order entered in this case makes specific reference to the potential need for a Protective Order.

> Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by June 14, 2013. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website . . . . At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c).

(Doc. 39, at 6.) The Scheduling Order also set a deadline by which the parties could move for a Protective Order if they were unable to agree to the need for, or terms of, such an order. (*Id.*)

The Protective Order was entered on June 17, 2013, and stated that

> The allegations and defenses in this action may result in the production or disclosure of **confidential medical and proprietary documents of the parties**. Specifically, Defendants may produce or disclose documents or **information containing confidential, proprietary, or trade secret information regarding their business practices and policies, as well as confidential medical information regarding Plaintiff, and Plaintiff may produce or disclose confidential, medical and financial information**. The parties desire that discovery proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced or disclosed.

(Doc. 44, at 1 (emphasis added).) The Protective Order continues with the following procedure for designating documents as "Confidential."

> 1. All documents, data, interrogatory answers, admissions or discovery materials produced or obtained through the discovery process or by agreement of the parties in this action, **containing or comprising the confidential, proprietary, or trade secret information of Defendants as well as the confidential medical or financial information of Plaintiff** shall be considered CONFIDENTIAL INFORMATION, subject to this Protective Order if designated by any party as "Confidential."
>
> 2. In the event, at any stage of the proceedings, any party to this action disagrees with designation of any information as "Confidential," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party claiming the confidentiality designation may apply for appropriate relief to this Court within 14 days of the opposing party's final confirmation, in writing, that an informal resolution is not possible. The Court may conduct an in camera inspection of the challenged materials. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

(*Id*., at 2 (emphasis added).)

During Defendant's process of reviewing Plaintiff's claim, Dr. Costas Lambrew, a cardiologist, served as a doctoral representative during one of Defendant's "round table" reviews of Plaintiff's claim. During discovery, Defendant produced Dr. Lambrew's IRS form 1099s, which indicate the compensation Defendant paid to him. Defendant designated the 1099s and information contained therein as "Confidential" pursuant to the Protective Order entered in this case. (Doc. 44.) Plaintiff disputes the confidential nature of the

3

information, leading to Defendant's present motion seeking an Order requiring Plaintiff "to comply with the Protective Order and the ECF Administrative Procedures by redacting the confidential financial information of Dr. Lambrew from the 1099s before filing them with the Court." (Doc. 56, at 10.)

The Court notes that Defendant is not trying to quash the production of the underlying information. To the contrary, the documents have been produced to Plaintiff. Defendant is merely requesting that information it has designated as "confidential" pursuant to the Protective Order in this case be redacted before the documents are filed with the Court or filed under seal.

## **ANALYSIS**

The question in this case is the same as a motion to file under seal. Whether the information is redacted from documents, or filed under seal, the object is to protect the information from public disclosure. The decision whether to seal judicial records is a matter left to the sound discretion of the district court. ***Mann v. Boatright***, 477 F.3d 1140, 1149 (10th Cir. 2007). The public has a common-law right to judicial records. *Id*.; ***Bryan v. Eichenwald***, 191, F.R.D. 650, 652 (D. Kan. 2000). This interest derives from the public's interest in the fairness and honesty of its courts, and in understanding disputes that are resolved in a public forum. ***Crystal Grower's Corp. v. Dobbins***, 616 F.2d 459, 461 (10th Cir. 1980). The right of the public is presumed paramount. ***Id***. *See **Garcia v. Tyson Foods, Inc***., No. 06-

4

2198-JWL-DJW, 2010 WL 3584462 (D. Kan. 2010). The Courts of the United States do not operate in secret.

Notwithstanding, the parties' privacy interest in some information may overcome the public's right. The Court is required, upon request, to balance the public's right against the party's interest in sealing the record or a portion thereof. ***Garcia v. Tyson Foods, Inc***., *supra*. Documents should be sealed only on the basis of "articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." 2010 WL 3584462 at *1. *See also* **Womak v. Delaware Al Services Provider, LLC**, No. 10-2312-SAC, 2012 WL 1033384 at *1 (D. Kan. 2012). The party seeking to file a document under seal must establish a "significant interest" to overcome the public's right of access to judicial records. 2012 WL 1033384 at *1. *Citing* 477 U.S. at 1149.

The defense describes the information as personal financial information of the contractor-physician. It is so only in the broadest sense. This information does not comprise, as far as is known, the physician's only income and is not his personal tax return. The information at issue is the amount of money paid to this contractor by one customer for particular services - including an instance in which his impartiality may be at issue in this case.[1] This does not constitute any blanket

---

[1] The defendant minimizes the importance of this information to the case, but concedes that it is not entirely irrelevant, describing it as "merely one factor (and a remote one at that) that plays into the Court's analysis of the conflict of interest . . . ." Dkt. 56 p. 4.

5

exposure of the physician's personal finances.[2]  Furthermore, the service provided is one which is predictably challenged in Court, and it is unreasonable to assume that the circumstances surrounding that contract would not be subject to examination.  This same consideration blunts the defendant's second argument- that the amount they pay the contractor-physician is a business secret or proprietary.  Further, defendant has done little other that assert this concern without real support.  Finally, the contention that the amount of money paid the physician is not "dispositive" of the case is not an argument supporting sealing or redacting the information.

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Enforce ECF Administrative Procedures and Protective Order" (Doc. 55) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2014, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE

---

[2]Certain personal information which would be contained on the 1099 should be redacted such as the physician's social security number and home address. These items are not at issue here.