# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN V. MEYER, )
)
      **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 12-1134-KHV
UNUM LIFE INSURANCE )
   COMPANY OF AMERICA, et al., )
)
      **Defendants.** )
)

## MEMORANDUM AND ORDER

John Meyer brings suit against UNUM Life Insurance Company of America and UNUM Group (collectively "UNUM") for recovery of benefits under a long-term disability insurance policy. This matter comes before the Court on the parties' Joint Motion For Leave To File Exhibits Under Seal (Doc. #65) filed January 20, 2014, and Defendants' Unopposed Motion For Leave To File Exhibits Under Seal (Doc. #74) filed February 21, 2014.

In their joint motion (Doc. #65), the parties ask the Court to enter an order allowing them to file under seal certain exhibits to their summary judgment briefs. The first exhibit is the administrative record, which they seek to file under seal to prevent disclosure of plaintiff's medical information not relevant to this case and of numerous personal identifiers of plaintiff. The parties concede that they could redact such information but conclusively state that it would be unwieldy and burdensome to do so. They also state that irrespective of the sealed nature of the filing, the parties and the Court could freely discuss the relevant medical information in their public filings. The parties seek to file under seal three additional exhibits for the stated reason that defendants have

designated them confidential under the terms of the protective order.[1]  See Protective Order (Doc. #44) filed June 17, 2013.

In defendants' motion (Doc. #74), UNUM asks the Court to enter an order allowing them to file under seal Exhibits 4 and 5 to their brief in opposition to plaintiff's motion for summary judgment. Both exhibits contain excerpts of UNUM's claims manual, and UNUM designated both documents confidential under the protective order. UNUM asserts that its claims manual represents proprietary or trade secret information, the disclosure of which would give its competitors an unearned competitive advantage by disclosing methods and practices for how UNUM conducts its business.

Federal courts have long recognized a common law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v.

---

[1] The three exhibits are Plaintiff's Exhibits C, H and I. Exhibit I was also the subject of defendants' motion which sought to have the Court enforce the document's confidential treatment under the protective order. See Defendant UNUM Life Insurance Company Of America's Motion To Enforce ECF Administrative Procedures And Protective Order (Doc. #55) filed November 6, 2013. Magistrate Judge Gale has entered an order denying defendants' motion. See Memorandum & Order On Motion For Protective Order (Doc. #76) filed February 27, 2014. Defendants' motion (Doc. #55) was tantamount to a motion to file under seal, and Judge Gale's order renders moot the parties' joint motion (Doc. #65) with respect to Exhibit I.

Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

The parties concede that they could redact the personal identifiers and irrelevant medical records contained in the administrative record, but that doing so would be unwieldy and burdensome. The task of redacting does not rise to a significant interest that outweighs the public's right of access. Moreover, the parties undercut their argument by agreeing that they and the Court could freely discuss the relevant medical information in public filings, thereby negating any notion that the documents should be shielded from public view. As for plaintiff's Exhibits C and H, the parties' conclusory statement that UNUM has designated them confidential does not suggest why this information, if disclosed, might be harmful to either party. Finally, as for defendants' Exhibits 4 and 5, the Court does not accept UNUM's conclusory and speculative statement that their competitors would have an unearned competitive advantage if excerpts of UNUM's claims manual are not filed under seal. The Court has reviewed Exhibits 4 and 5 and finds that UNUM has not met its burden of showing a significant interest which outweighs the public's right of access.

As in Helm, the parties have not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motions to file under seal.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion For Leave To File Exhibits Under Seal (Doc. #65) filed January 20, 2014, and Defendants' Unopposed Motion For Leave To

File Exhibits Under Seal (Doc. #74) filed February 21, 2014 be and hereby are **OVERRULED**.

Dated this 19th day of March, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge