IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN V. MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1134-KHV |
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

John V. Meyer brought suit against UNUM Life Insurance Company of America and UNUM Group (collectively "UNUM") for recovery of benefits under a long-term disability insurance policy governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. On March 31, 2015, the Court sustained plaintiff's motion for summary judgment and found that UNUM had abused its discretion in denying plaintiff's disability claim. This matter is before the Court on plaintiff's Motion For Award Of Statutory Attorneys' Fees And Costs (Doc. #93) filed April 13, 2015. Plaintiff seeks an award of fees under Fed. R. Civ. P. 54(d)(2), D. Kan. Rule. 54.2. and 29 U.S.C. § 1132(g).

On June 3, 2015, the parties filed a Joint Stipulation And Request For Order (Doc. #98). The stipulation states that defendants will not contest an award of costs and fees, but reserve the right to seek reversal of the award if the Court's ruling on the merits is overturned or materially altered on appeal. See id. at 1. The parties stipulate to an award of costs and fees of $98,850.

Pursuant to 29 U.S.C. § 1132(g)(1), the Court may award reasonable attorney's fees and costs incurred to a prevailing party in an ERISA action. Under the statute, an award of attorney's fees is discretionary. Gordon v. United States Steel Corp., 724 F.2d 106, 108 (10th Cir. 1983). In

determining whether to award attorney's fees, the Court considers the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Id. at 109. These five factors are guidelines, and no one factor is dispositive of the attorney's fee issue. McGee v. Equicor-Equitable HCA Corp., 953 F.2d 1192, 1209 n.17 (10th Cir. 1992) (citing Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 258 (1st Cir. 1986)).

The Court has weighed all five factors set out in Gordon and concludes that it is appropriate to award attorney's fees and costs. In particular, the Court finds that the degree of defendants' culpability and the relative merit of plaintiff's claim support a finding that plaintiff is entitled to attorney's fees and costs. See Memorandum And Order (Doc. #92) at 25-27.

As to the amount of attorney's fees sought, "[t]he essential inquiry in setting attorney fees is reasonableness." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1148 (10th Cir.1990) (citing Cooper v. Singer, 719 F.2d 1496, 1499 (10th Cir. 1983)). In this case, the parties have stipulated that costs and fees of $98,850 are reasonable. See Doc. #98 at 2. The Court concludes that this is a reasonable amount.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Award Of Statutory Attorneys' Fees And Costs (Doc. #93) filed April 13, 2015 be and hereby is **SUSTAINED**. The Court awards plaintiff costs and fees of $98,850.

Dated this 22nd day of June, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge